**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| AKRON METROPOLITAN HOUSING AUTHORITY, | CASE NO.   5:26-CV-00263 |
| Plaintiff, | JUDGE SARA LIOI |
| vs. | |
| CASCADE VILLAGE NORTH LIMITED PARTNERSHIP, *et al.*, | |
| Defendants. | **MOTION TO REMAND** |

Now comes Plaintiff, Akron Metropolitan Housing Authority ("Plaintiff" or "AMHA"), by and through undersigned counsel, and pursuant to Local Rule 7.1(d) and 28 U.S.C § 1447(c) hereby submits the following Motion to Remand.  For grounds, remand back to the Summit County Court of Common Pleas is necessary because this Court lacks subject matter jurisdiction over Plaintiff's state law claims seeking declaratory judgment for lease termination and the appointment of a receiver. As established more fully in the attached Memorandum in Support, this court's jurisdiction under 28 U.S.C. § 1331 is improper given that AMHA's complaint filed in the state court proceedings raises no federal questions on its face, and no exceptions would apply. AMHA has raised purely state law claims that require no consultation to federal law, nor does the fact that there are HUD regulations applicable to the underlying property raise a substantial federal question that allows jurisdiction under 28 U.S.C. § 1331. Accordingly, because there is a lack of any substantial federal question, this matter must be remanded. A Memorandum in Support is attached hereto and incorporated herein by reference.

Respectfully submitted,


/s/ Julie K. Zurn
Julie K. Zurn (0066391)
jzurn@ralaw.com
Diana Feitl (0092152)
dfeitl@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
330.376.2700

Grant L. McLeod (0100244)
gmcleod@ralaw.com
Roetzel & Andress, LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, OH  43215
614.463.9770
*Attorneys for Akron Metropolitan Housing Authority*

2

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION

This case involves residential property in Akron, Ohio called Cascade Village. The property consists of over 200 rental units comprised of Cascade Village North, Cascade Village South and Cascade Village-East West.

Contrary to the characterization by Defendants the Cascade Limited Partnership North, Cascade Limited Partnership South, and Cascade Limited Partnership East/West (the "Cascade Limited Partnerships"), this is a case raising entirely state law issues, and there is no cause of action that has its roots in federal law, nor is there an embedded federal question raising actual disputed and substantial federal issues. Rather, AMHA, in its Complaint, seeks a declaration that a long-term ground lease has terminated and seeks the appointment of a receiver over the subject property pursuant to Ohio law. Plaintiff's choice of forum in the Summit County Court of Common Pleas was appropriate and should not be disturbed. Accordingly, this Court lacks subject matter jurisdiction over this action and must remand this case back to the Summit County Court of Common Pleas, pursuant to 28 U.S.C. § 1447(c).

### II.  PROCEDURAL BACKGROUND

Plaintiff filed its complaint in the Summit County Court of Common Pleas against Defendants on January 29, 2026, asserting two state law causes of action: declaratory judgment regarding lease termination and appointment of receiver.  (*See* Complaint, attached as Exhibit 1 to the Notice of Removal).  Prior to filing the Complaint AMHA secured the approval of the U.S. Department of Housing and Urban Development ("HUD") to initiate the state court proceedings.

The following day, Plaintiff filed the Emergency Motion seeking *Ex Parte* Appointment of Receiver ("Motion").. The Motion stemmed from The Community Builder's, Inc. ("TCB")

termination of its management agreement with the Cascade Village Partnerships to manage and oversee Cascade Village. (Doc #1-2, PageID# 924–934).

As a courtesy, AMHA's counsel delivered a copy by email to TCB's counsel and requested contact information for the Cascade Village Limited Partnership and Citizens Bank. At 3:45 p.m., the Court entered the Receivership Order.

In response to this Complaint and state court proceedings, the Cascade Limited Partnerships, filed a Notice of Removal to this Court on February 2, 2026 asserting a single purported reason for removal—original jurisdiction under 28 U.S.C. § 1331. In the notice, the Cascade Limited Partnerships assert there is a federal question and describes the cause of action as being pursuant to **24 CFR 905.604** – action to appoint receiver to property subject to HUD Regulations and an attempt to transfer property in contravention of HUD approval processes. (Doc. 1, pp. 3, PageID # 3, and civil cover sheet).

Because Plaintiff's state law claims do not involve any interpretation of the HUD regulations, the HUD Regulations cited are inopposite to the appointment of a receiver over Cascade Village , and because HUD consented in writing to the commencemet of a state court receivership, this Court lacks any original jurisdiction over this matter and the Court should remand the matter to state court.

### III.    FACTUAL BACKGROUND

Prior to the commencement of the state court litigation, the Cascade Limited Partnerships defaulted under their long-term ground lease and mortgage with AMHA. As articulated in the state court pleadings included in the Cascade Limited Partnerships Notice of Removal, AMHA notified the Cascade Limited Partnerships about multiple defaults under certain long-term leases between the Cascade Limited Partnerships and AMHA concerning the underlying mixed-use housing

project. (Doc #1-2, PageID# 948–968). These articulated defaults then formed the basis of AMHA's complaint filed in the state court proceedings, seeking a declaration that the underlying ground leases had **terminated by their terms**. (Doc #1-1, PageID# 28-29). Additionally, given that there was no longer a property manager overseeing Cascade Village, AMHA sought the appointment of a receiver pursuant to the provisions of Ohio Revised Code sections R.C. 2735.01(A)(1) and (A)(7). (*Id.* at PageID# 29).

### IV. LAW & ANALYSIS

#### A. General Principles Governing Removal.

It is well-established that "[t]he party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction." *Scaccia v. Lemmie*, 236 F. Supp. 2d 830, 834 (S.D. Ohio 2002) (referencing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)). "This is no less true where, as here, it is the [D]efendants, rather than the [P]laintiff, who seeks the federal forum." *Id.* (referencing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir.1996)). This Court should also be "mindful that state courts are generally presumed competent to interpret and apply federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (referencing *Zwickler v. Koota*, 389 U.S. 241, 245 (1967)).

#### B. Remand is Mandatory, Pursuant to 28 U.S.C. § 1447(c), Because this Court Lacks Subject Matter Jurisdiction Over Plaintiff's State Law Claims

##### i. Federal Question Subject Matter Jurisdiction.

The United States Supreme Court has made clear that "[o]nly state-court actions that **originally could have been filed in federal court may be removed to federal court by the defendant**." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 391-92 (1987) (emphasis added). In this regard, Congress enacted 28 U.S.C. § 1447 to provide instruction to federal district courts

concerning procedures after a notice of removal has been filed. Pertinent to the within Motion to Remand is 28 U.S.C. § 1447(c), which states:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If **at any time before final judgment it appears that the district court lacks subject matter jurisdiction**, **the case <u>shall</u> be remanded**. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

*See* 28 U.S.C. § 1447(c) (emphasis added).

The use of the term "shall" in 28 U.S.C. § 1447(c) has been interpreted by the Sixth Circuit as creating a mandatory duty to remand when a district court lacks subject matter jurisdiction. *See, e.g., Titus v. Knoll Pharmaceutical Co.*, 106 Fed.Appx. 960, 961 (6th Cir.2004) (interpreting 28 U.S.C. § 1447(c) as "**requiring remand** if '**at any time before final judgment it appears that the district court lacks subject matter jurisdiction**.'") (emphasis added). "When a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and shielded from review by § 1447(d)." *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 225 (2007).

"Where, as here, there is no diversity jurisdiction, a defendant may remove an action to federal court only if the plaintiff's allegations establish federal question jurisdiction." *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 357 (6th Cir.2015); *Caterpillar Inc.*, 482 U.S. at 392 ("Absent diversity of citizenship, federal-question jurisdiction is required."); *Mikulski*, 501 F.3d at 560 (referencing 28 U.S.C. § 1441(b)). Ordinarily, "'[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only **when a federal question is presented on the face of the plaintiff's properly pleaded complaint**." *Caterpillar Inc.*, 482 U.S. at 392 (emphasis added). *See also*

*Scaccia*, 236 F. Supp. 2d at 836 (referencing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, (1987)); *Berera,* 779 F.3d at 357; *Mikulski*, 501 F.3d at 560 (noting that under the well-pleaded complaint rule, potential defenses are ignored for removal purposes); *Lowry v. City of Minneapolis*, Case No. 21-CV-2189, 2022 WL 2763757, *3 (D. Minn. July 15, 2022) (citing *Caterpillar* and noting that a defendant does not create federal question jurisdiction by raising a preemption defense to a state-law claim).

"The 'well-pleaded complaint rule' provides that 'the plaintiff is the master of the complaint, [and] that [for removal to be proper] a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Scaccia*, 236 F. Supp. 2d at 836.  *See also Caterpillar Inc.,* 482 U.S. at 392; *Loftis,* 342 F.3d at 515 ("Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal.") (internal cites omitted); *Berera,* 779 F.3d at 357-358. "After '[e]xamining only those allegations which are properly raised in a well-pleaded complaint, the court must then determine **whether the substance of those allegations raises a federal question**.'" *Scaccia*, 236 F. Supp. 2d at 836 (emphasis added) (citing *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

### ii. *The Well-Pleaded Complaint Rule Governs, As No Exceptions Apply.*

A simple review of AMHA's Complaint demonstrates that Plaintiff has asserted only state law claims for a declaration that the Ground Lease is terminated and for the appointment of a receiver pursuant to O.R.C. 2735.01*,* neither of which "arise under" federal law.  (Doc #1-1, PageID# 28-29). The Cascade Limited Partnerships' attempt to characterize the complaint as one that seeks to transfer ownership of property "in contravention of HUD's approval rights under the Act, 24 CFR 905.604, and all other applicable HUD regulations," fails. AMHA's claims seek a

declaration that The Cascade Limited Partnerships' leases terminated by their terms as a result of the defaults articulated above, and the appointment of a receiver to protect the mixed-use housing development (Cascade Village) operated by the Cascade Partnerships and managed by TCB. (Doc #1-1, PageID# 28-29). These claims do not require any reference to, or application of, federal law or regulations. AMHA's declaratory judgment claim only requires an application of Ohio law to the construction and terms of the underlying lease agreements to determine whether the aforementioned defaults lead to a termination of the leases. (*See Id.*). Additionally, AMHA's claims for appointment of a receiver under Ohio law only require proof that the elements of R.C. R.C. 2735.01(A)(1) and (A)(7) have been met. (*See Id.*).

Notably these elements do not involve **any interpretation of any federal law**. Indeed, the Cascade Limited Partnerships' claim that there is a federal question invoked by the mere fact that there are some HUD regulations applicable to the underlying property is facially flawed given that there are no federal laws or regulations that form the basis of AMHA's claims in the state court proceedings. *See Caterpillar Inc.*, 482 U.S. at 392 ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Indeed, it is this Court's role to ascertain "whether the substance of [AMHA's] allegations raises a federal question.'" *Scaccia*, 236 F. Supp. 2d at 836. AMHA's causes of action in the state court proceedings do not involve **any interpretation of any federal law** and, therefore, cannot serve to support removal under an original jurisdiction analysis. Accordingly, the Cascade Limited Partnerships' removal is inappropriate, and the matter must be remanded to state court.

Moreover, no exceptions to the well-pleaded complaint rule exist in this matter. Of the three exceptions, the only conceivable exceptions applicable here would be the artful-pleading

doctrine[1] or the substantial-federal-question doctrine.  *Mikulski,* 501 F.3d at 560.   Neither

exception applies. First, Plaintiff has not artfully pleaded its Complaint to avoid federal

jurisdiction, as "the facts alleged in the [C]omplaint [do not] actually implicate a federal cause of

action."  *Berera,* 779 F.3d at 358 (discussing the "artful-pleading doctrine").  *See also Mikulski*,

501 F.3d at 561 (noting that the artful-pleading doctrine is usually confined to areas of the law pre-

empted by federal substantive law).

Second to the extent, the Cascade Limited Partnerships are asserting that the resolution of

the asserted state law claims involves a substantial federal question, again its argument fails. "The

substantial-federal-question doctrine has three parts: (1) the state-law claim must necessarily raise

a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise

of jurisdiction must not disturb any congressionally approved balance of federal and state judicial

responsibilities." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (citing

Grable. at 314; *accord Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir.2006).

In this case, the asserted state law claims involve factual determinations of whether the

leases terminated and the property is in danger of being lost, removed, or materially injured. (Doc

#1-1, PageID# 28-29). The resolution of those claims does not require any interpretation or

application of the federal regulation cited by the Cascade Limited Partnerships in its notice of

removal. For example, no interpretation of the cited federal regulations required in determining

---

[1] "Under the artful-pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute. *Franchise Tax Bd.*, 463 U.S. at 22, 103 S.Ct. 2841. A defendant raising this doctrine may not rely on facts not alleged in the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "Although occasionally [a] removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, most of them correctly confine this practice to areas of the law pre-empted by federal substantive law." Id. at 397 n. 11, 107 S.Ct. 2425 (quotation marks and edits omitted) (citing Federated Dep't Stores, 452 U.S. at 410 n. 6, 101 S.Ct. 2424 (Brennan, J., dissenting)). Thus, artful pleading and preemption are closely aligned." Mikulski v. Centerior Energy Corp., 501 F.3d 555, 561 (6th Cir. 2007)

whether the following statements support the termination of the lease or the appointment of a receiver:

(1)     Existence of the Lease and its terms – (Doc #1-1, PageID# 28-29)

(2)     Default under the Lease – (Doc #1-1, PageID# 27–28)

(3)     Existence of the Management Agreement – (Doc #1-1, PageID# 16–17, 19–21, 23–24)

(4)     Termination of the Management Agreement – (Doc #1-1, PageID# 25–26)

(5)     Risk to the property in the absence of a Management Agreement, and a management company bound to follow same – (Doc #1-1, PageID# 27–28).

The above-referenced statements simply concern facts, **none of which turn on the provisions of the HUD regulation cited by the Cascade Limited Partnerships**.  Indeed, beyond the conclusory statements contained therein,  the Cascade Limited Partnerships Notice of Removal does not demonstrate **how** the HUD regulation even applies to the claims alleged by AMHA. (Doc.#1, ¶ 6–7, PageID# 2–3). Simply stated, the requisite factual determinations do not require **any interpretation of any federal law,** nor do they raise **a disputed federal issue**.

Even if the resolution of the dispute required interpretation of the HUD Regulation, that necessity would be "too tenuous a relationship to federal law upon which to ground federal jurisdiction." *Jemo Assoc., Inc. v. Greene Metropolitan Housing* Authority, 523 F. Supp. 186 (S.D. Ohio 1981) (finding "the mere fact that the contract would be subject to federal regulations does not indicate that the performance or nonperformance of the contract should be governed by federal law, rather than by state law governing similar contracts not subject to federal regulation") (citing *Lindy v. Lynn,* 501 F.2d 1367, 1369 (3d Cir. 1974) and *M.B. Guran Co. Inc. v. City of Akron*, 546 F.2d 201, 205 (6th Cir. 1976)n

Furthermore, this is not a case like *Grable* where the state law claims asserted implicate significant federal issues such that they give rise to federal question jurisdiction. *See Grable &*

*Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005). "**The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction**, either originally or on removal. Such jurisdiction remains exceptional and federal courts must determine its availability, issue by issue." *Mikulski*, 501 F.3d 555, 565 (emphasis added).

Rather "to invoke federal-question jurisdiction under *Grable*, a party must first identify an issue of federal law that is **necessary to the resolution of the case**; it must be **impossible for the plaintiff to recover relief without the court resolving the issue**" *Lowry v. City of Minneapolis,* 2022 WL2763757*, \*5* (citing *Grable*, 545 U.S. at 314)*.* (finding a lack of subject matter jurisdiction even though the contract at issue might require an interpretation of federal regulations, as the claims were at their core, state law breach of contract claims).

Moreover, even if that statement does involve interpretation of the HUD Regulations, remand is still appropriate, pursuant to 28 U.S.C § 1447(c), because state law predominates over any federal question. *See also Scaccia*, 236 F. Supp. 2d at 837 (noting that federal question jurisdiction is appropriate only where the claims involve a "resolution of a **substantial** question of federal law" that is necessary and essential) (emphasis added); *Caterpillar Inc.,* 482 U.S. 392-93, 397-98 (noting that a case may not be removed to federal court on the basis of a federal defense); *Mikulski*, 501 F.3d at 559-560, 565-566 ("The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal. Such jurisdiction remains **exceptional** and federal courts must determine its availability, issue by issue.") (emphasis added).

Accordingly, a review of the four corners of the Complaint clearly demonstrates that this action involves pure state law issues are not intertwined with the federal causes of action, and to

11

the extent that the interpretation of federal regulations may be required, that is not sufficient to establish federal question jurisdiction. *See West Michigan Woods Limited Dividend Housing Association Limited Partnership v. City of Kalamazoo*, Case No. 1:09-CV-79, 2009 WL 2392899 (W.D. Mich. August 3, 2009). Indeed, the fact that "**HUD regulations apply to the contracts at issue does not require the pivotal interpretation of federal law necessary to confer jurisdiction**." *Id.* at *6 (emphasis added) (citing *Kunkler v. Fort Lauderdale Housing Authority*, 764 F. Supp. 171 (S.D. Fla 1991)). The fact that there may be some HUD regulations applicable to the underlying property, cannot convert AMHA's state law claims into ones with substantial federal questions implicated. Accordingly, given that AMHA's complaint does not facially raise any federal questions, and no exceptions apply, the matter must be remanded.

## V.     **CONCLUSION**

For the foregoing reasons, Plaintiff Akron Metropolitan Housing Authority respectfully requests that this Court remand this matter to the Summit County Court of Common Pleas. Pursuant to 28 U.S.C. § 1447(c), Plaintiff also respectfully requests that it be awarded its just costs and actual expenses, including attorney fees, incurred as a result of the removal, and such other relief as the Court finds just.

Respectfully submitted,

/s/ Julie K. Zurn
Julie K. Zurn (0066391)
jzurn@ralaw.com
Diana Feitl (0092152)
dfeitl@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
330.376.2700

Grant L. McLeod (0100244)
gmcleod@ralaw.com
Roetzel & Andress, LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, OH  43215
614.463.9770
*Attorneys for Akron Metropolitan Housing
Authority*

## CERTIFICATE OF SERVICE

The foregoing was filed electronically with the Court on February 3, 2026.  Notice of this filing was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Julie K. Zurn
Julie K. Zurn (0066391)
Diana Feitl (0092152)
Grant L. McLeod (0100244)

13